**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

| | | |
|---|---|---|
| SCOTT TERRY, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:15CV00342-JJV |
| Commissioner, Social Security | * | |
| Administration | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Scott Terry, appeals the final decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits and supplemental security income. For reasons set out below, the decision of the Commissioner is REVERSED and REMANDED.

**I.    BACKGROUND**

On November 30, 2012, Mr. Terry protectively filed for benefits. (Tr. 83) Mr. Terry says he is disabled due to "bipolar manic depression, ADHD, back problems, anxiety, staph infection, anger/mood swings, [and] sleep disorder." (Tr. 84) His claims were denied initially and upon reconsideration. At his request, an Administrative Law Judge ("ALJ") held a hearing on March 18, 2014, where Mr. Terry appeared with his lawyer. At the hearing, the ALJ heard testimony from Mr. Terry and a vocational expert. (Tr. 64-82)

The ALJ issued a decision on September 26, 2014, finding Mr. Terry was not disabled under the Act. (Tr. 44-57) The Appeals Council received additional evidence and denied Mr. Terry's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-5)

1

Mr. Terry, who was thirty-seven years old at the time of the hearing, earned a GED after going to the eleventh grade in school, and has past relevant work as a forklift driver, quality control pipe inspector, and spray rig operator.  (Tr. 69-70)

## II.    DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found Mr. Terry had not engaged in substantial gainful activity since December 31, 2012, and he had "severe" impairments in the form of degenerative disc disease, hidradenitis, and obesity.  (Tr. 46)  However, the ALJ found Mr. Terry did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 49)

The ALJ assessed that Mr. Terry has the residual functional capacity ("RFC") to perform light work with a sit stand option every sixty minutes.  (*Id.*)  Accordingly, the ALJ concluded Mr. Terry was no longer able to perform his past relevant work.  Relying on the assistance of a vocational expert (Tr. 78-81), the ALJ determined other jobs existed in significant numbers that Mr. Terry could perform despite his impairments.  (Tr. 55-56)  Specifically, the ALJ identified the job of small products assembler.  (Tr. 56)  Accordingly, the ALJ determined Mr. Terry was not disabled.

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

III.    **ANALYSIS**

A.    **Standard of Review**

In reviewing the Commissioner's decision, courts must determine whether there is substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, a court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

B.    **Mr. Terry's Arguments for Reversal**

Mr. Terry asserts the Commissioner's decision should be reversed because it is not supported by substantial evidence.  Specifically, he contends the ALJ (1) improperly determined his mental impairments were not "severe"; (2) erred in her residual functional capacity assessment; (3) and asked inadequate hypothetical questions.  (Doc. No. 11)

1.    Mental Impairments

The ALJ appears to have done a very thorough job on her analysis, save the determination that Mr. Terry's mental illnesses fail to amount to "severe" impairments.  An impairment is "severe" if it significantly limits an individual's physical or mental ability to perform basic work activities.[6]

_____

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

[6]*See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

Plaintiff has the burden of proving a medically severe impairment.[7]  And I find Mr. Terry has done so in this case.

The ALJ seems to have relied on the consultative Mental Diagnostic Evaluation of Samuel B. Hester, Ph.D., to the exclusion of other evidence of record.  (Tr. 464-471)  Plaintiff has offered years of treatment records that should be given significant deference.  (Tr. 322-41, 437-47, 464-71, 478-541)  The records deserve deference because they reveal that Mr. Terry's mental illness does, in fact, significantly limit his ability to perform basic work activities.  He has required years of treatment and therapy and has been prescribed psychotropic medications.  Even Roger L. Troxel, M.D., noted Plaintiff "needs mental health eval" on his report of his General Physical Examination.  (Tr. 458)  I also note that the ALJ's hypothetical question posed to the vocational expert appears to take into account Mr. Terry's  mental limitations.  The ALJ asked the vocational expert to consider an individual who could only perform work "with few variables and little changes, where interpersonal contact is incidental to the work performed and where supervision is simple, direct, and concrete."  (Tr. 80) This fails to comport with a conclusion that Plaintiff's mental illness was not "severe."

I also note Mr. Terry bases his application, at least in part, on his mental impairments and testified about the limitations he experiences due to his mental impairments.  (Tr. 72, 77, 84)  These factors also favor Mr. Terry.

So weighing all these factors, especially the numerous treatment records supporting Mr. Terry's allegation his mental impairments are "severe", I must conclude the ALJ's decision on this issue is not based on substantial evidence.  Remand is necessary to reconsider Mr. Terry's application with "severe" mental impairments.

---

[7]*Brown v. Shalala*, 15 F.3d 97, 99-100 (8th Cir. 1994).

2.      Other Arguments

On remand, the ALJ should address these concerns raised by Mr. Terry.

## IV.   CONCLUSION

A reasonable mind would not accept the evidence as adequate to support the ALJ's decision that Plaintiff's mental impairments are not "severe." Therefore, the Court REVERSES the decision and REMANDS the case to the Commissioner. This is a "Sentence Four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 4th day of April, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE